UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEION L. TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 15-cv-343 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) Judge John W. Darrah |
| CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Deion L. Turner filed a *pro se* "Amend Complaint in Response to Defendants' Motions to Dismiss Plaintiff's Complaint Under FRCP Rule 12(b)(6)" and a "Supplemental of Complaint Adding Defendants Joinder with Motion for Access to the Court", which was his Second Amended Complaint ("SAC") against various Defendants. The SAC alleges various violations of his civil rights pursuant to 42 U.S.C. § 1983. Defendants moved to dismiss the SAC under Federal Rules of Civil Procedure 12(b)(6). For the reasons stated below, Defendants' Motions to Dismiss [85, 88, 90, 91] are granted with prejudice.

## BACKGROUND

In 1998, Plaintiff was convicted of committing an act of sexual penetration on his stepdaughter in violation of 720 Ill. Comp. Stat. 5/11-11(a)(2)(iii), which prohibits sexual relations within a family. Plaintiff has been arrested and convicted several times for failing to register as a sex offender under the Illinois Sex Offender Registration Act, 730 Ill. Comp. Stat.

150/1 *et seq*. Plaintiff has filed numerous previous suits in both state and federal court challenging his convictions and the application of the sex offender registration requirement.[1]

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)

---

[1] These suits include: *Turner v. Chicago Police Department, et al.*, No. 98 C 0122 (N.D. Ill.); *United States ex rel. Turner v. Groesch*, No. 99 C 3528 (N.D. Ill.); *Turner v. City of Chicago, et al.*, No. 99 C 6379 (N.D. Ill.); *Turner v. City of Chicago, et al.*, No. 00 CH 13156 (Cir. Ct. Cook Cnty.); *Turner v. Goodfriend Neil, et al.*, No. 00 CH 13157 (Cir. Ct. Cook Cnty.); *Turner v. County of Cook, et al.*, No. 01 C 0057 (N.D. Ill.); *Turner v. County of Cook, et al.*, No. 02 CH 16333 (Cir. Ct. Cook Cnty.); *Turner v. County of Cook, et al.*, No. 05 C 2890 (N.D. Ill.); *Turner v. City of Chicago, et al.*, No. 06 CH 16689 (Cir. Ct. Cook Cnty.); *Turner v. Cook County State Attorney, et al.*, No. 10 2628 (N.D. Ill.) (Cir. Ct. Cook Cnty.); *Turner v. Illinois Attorney General, et al.*, No. 11 L 3207 (Cir. Ct. Cook Cnty.); *Turner v. Chicago Police Department*, No. 13 CH 22207 (Cir. Ct. Cook Cnty.); and *Turner v. County of Cook*, et al., No. 14 CH 05956 (Cir. Ct. Cook Cnty.).

(quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). A *pro se* complaint is liberally construed and held to less stringent standards than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## ANALYSIS

Defendants first argue that Plaintiff's claims are barred by *res judicata*. "The doctrine of [*res judicata* or] claim preclusion is premised on the idea that, when a claim has been fully litigated and come to judgment on the merits, finality trumps." *In re Ingersoll, Inc.*, 562 F.3d 856, 861 (7th Cir. 2009). "Claim preclusion under federal law has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its 'operative facts'); and the same litigants (directly or through privity of interest)." *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009)).

In this case, all three elements of *res judicata* have been met. First, there have been final decisions in several suits in both state and federal courts. Second, the dispute arises from the same set of operative facts, namely Plaintiff's conviction and his requirement to register under the Illinois Sex Offender Registration Act. Third, Plaintiff largely names parties that have been involved in previous suits. To the extent that he names different parties, those different parties are in privity with parties named in a previous suit.

Even if those parties were not in privity, Plaintiff's claims would still be precluded by collateral estoppel. Collateral estoppel applies when: "(1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue [was] actually litigated in the prior litigation;

(3) the determination of the issue [was] essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). All the factors for collateral estoppel are present as well.

Plaintiff argues that neither *res judicata* nor collateral estoppel apply. Plaintiff argues that *res judicata* does not apply to void judgments and that the judgments against him were void due to fraud upon the court and/or lack of jurisdiction. Plaintiff does not attempt tp present any basis or support as to why there was a lack of jurisdiction for any of the decisions against him. Nor does Plaintiff explain what the fraud upon the court was, outside of asserting that it exists. A claim is waived where a plaintiff does "not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss." *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005).

Defendants also argue that Plaintiff's claims are barred by the holding in *Heck* v. *Humphrey*, 512 U.S. 477 (1994). A plaintiff "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of *habeas corpus*." *Heck*, 512 U.S. at 489. Plaintiff's convictions were not reversed, expunged, invalidated, or impugned. *Heck* is a bar to civil suits that plead allegations inconsistent with a valid conviction and is properly applied at the motion to dismiss stage. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Plaintiff argues that his claims are not attacking his convictions. However, he is claiming a conspiracy to violate his civil rights based on various entities charging that he has been

4

convicted of sexual relations within a family and violations of the Illinois Sex Offender Registration Act. The alleged violations that Plaintiff asserts are consequences of his convictions, and thus his claims are barred by *Heck*.

Plaintiff's claims are precluded by *res judicata*, collateral estoppel, and the *Heck* doctrine.

## CONCLUSION

Defendants' Motions to Dismiss [85, 88, 90, 91] are granted with prejudice.

Date: May 3, 2016

JOHN W. DARRAH
United States District Court Judge